IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHNANTHONY RAY PUTNAM                                                                        PLAINTIFF

v.                                          Civil No. 6:23-cv-06049-SOH-MEF

JAIL ADMINISTRATOR FRED PHILLIPS,                                                          DEFENDANTS
Hot Spring County Detention Center;
CORPORAL PASSMORE, Hot Spring
County Detention Center;
DR. ELKINS, Facility Physician, Hot Spring
County Detention Center; and
SERGEANT MAHER

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A.[1] Under § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I.     BACKGROUND

Plaintiff filed his Complaint on April 18, 2023. (ECF No. 1). He alleges his federal constitutional rights were violated while incarcerated in the Hot Spring County Jail as a pretrial detainee for a parole violation. (*Id*. at 1-4). Plaintiff characterizes his first claim as one for retaliation.[2] (*Id*. at 4). He alleges Defendant Passmore set him up for a disciplinary charge by giving him cigarettes, and then later confiscating the cigarettes and charging him with introducing

---

[1] Enacted as part of the Prison Litigation Reform Act ("PLRA").
[2] As Plaintiff fails to identify the act which triggered the retaliation, and no facts are alleged to support such a claim, this characterization will not be considered.

1

contraband and theft. (*Id*. at 4-5). Plaintiff alleges Defendant Passmore has also tried to charge him with destruction of a mattress. (*Id*. at 5). Plaintiff alleges this occurred on either March 28th or 29th of 2023. (*Id*. at 4). Plaintiff names Defendants Passmore, Maher, and Phillips for this claim, but he fails to identify any action or inaction by Maher or Phillips.

Plaintiff proceeds against all Defendants on this claim in their official and individual capacities. (ECF No. 1 at 5). For his official capacity claim, Plaintiff states Defendant Passmore "introduced contraband into the facility by passing said contraband to me in the transport vehicle coming back from court." (*Id*.).

For his second claim, Plaintiff alleges that on or about March 14, 2023, he broke his tooth on a "county issued breakfast sausage patty that was overcooked." (ECF No. 1 at 6). Plaintiff alleges he informed "medical staff via medical request" that his tooth was broken, it had a jagged sharp piece cutting his tongue, nerves in the tooth were exposed, and the pain was "unbearable." (*Id*.). Plaintiff alleges he experienced "extreme pain" any time he ate, drank, or brushed his teeth. (*Id*.). Plaintiff does not indicate if or when he was seen by medical or dental staff. Plaintiff names Defendants Phillips and Elkins for this claim, but he does not indicate any activity or inactivity by either Defendant for this claim.

Defendants Plaintiff proceeds against these Defendants on this claim in their official and individual capacities. (ECF No. 1 at 7). To support his official capacity claim, he alleges "delay of medical care due to facility and Doctor ignoring my medical needs." (*Id*.).

Plaintiff seeks compensatory, punitive, and "other" damages. (ECF No. 1 at 9). Plaintiff asks the Court to grant him all dental needs, and to grant him immunity from "slander & theft of property & introducing contraband to a facility by Cpt. Phillips and Cpl. Passmore." (*Id*.). He asks for $150,000.00 for "slandering and retaliation against me." (*Id*.).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

#### A. Claim One is Barred Under *Heck*

Plaintiff's claim concerning his disciplinary charge(s) is barred by the *Heck* doctrine. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." The Court noted, however, that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

The *Heck* doctrine applies to inmate disciplinary proceedings, and an inmate challenge to the validity of a disciplinary conviction is barred by *Heck*. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002). Any challenge to the effect of the disciplinary sanction on the award or revocation of good-time credit is also barred, as the credit will ultimately change the duration of the sentence served. *Edwards*, 520 U.S. at 646-48. Thus, *Heck* requires favorable termination of the disciplinary charge "in an authorized state tribunal or a federal habeas court, even if the claim is for damages rather than earlier release." *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996); *Cincoski v. Richard*, 418 F. App'x 571, 571-72 (8th Cir. 2011) (claims regarding disciplinary convictions, including restoration of good-time credits, declaratory relief, and damages based on those convictions were *Heck*-barred).

Here, Plaintiff has not alleged that any disciplinary charge concerning cigarettes, or a mattress has been favorably terminated. Thus, his disciplinary charge claim is barred by *Heck*.

4

### B.      Claim Two - Plaintiff Failed to State a Claim for Denial of Dental Care

Plaintiff failed to state a plausible official capacity claim against either Defendant Phillips or Elkins concerning his denial of dental care claim. Plaintiff identifies no policy affecting his dental care negatively. Further, he alleges only that he informed "medical staff via medical request." He does not indicate how the request was made or how long it took for him to be seen by any medical staff after the request. Such vague and conclusory allegations cannot support an official capacity claim. *See Nix v. Norman*, 879 F.2d 429, 433 (8th Cir. 1989) ("To establish liability in an official-capacity suit under section 1983, a plaintiff must show either that the official named in the suit took an action pursuant to an unconstitutional governmental policy or custom ... or that he or she possessed final authority over the subject matter at issue and used that authority in an unconstitutional manner."); *Arnold v. Corizon, Inc*, No. 1:15CV62, 2015 WL 4206307, at *2 (E.D. Mo. July 10, 2015) (conclusory claims that defendants acted according to some unspecified policies or customs are not enough to state official capacity claims). Nor can the response, or lack thereof, to a single medical request over an undetermined period establish the existence of an unconstitutional custom. *See Johnson v. Douglas County Med. Dept.*, 725 F.3d 825, 828 (8th Cir. 2013) (to establish the existence of an unconstitutional custom, incidents must occur "over a course of time sufficiently long to permit notice of, and then deliberate indifference to or tacit authorization of, the conduct by policymaking officials."). Plaintiff, therefore, failed to state a plausible official capacity claim against either Defendant concerning his allegation that he was denied dental care.

Plaintiff also failed to state a plausible personal capacity claim for denial of dental care against either Defendant. "Liability under Section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir.

1990) (citing *Rizzo v. Goode*, 423 U.S. 362, 370 (1976)). Thus, to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights. Plaintiff has not alleged a causal link between Defendant Phillips or Defendant Elkins and his denial of dental care. *See Martin*, 780 F.2d at 1337 (even a pro se Plaintiff must allege specific facts sufficient to state a claim). Plaintiff, therefore, has failed to state a plausible personal capacity claim against either Defendant concerning his allegation that he was denied dental care.

### IV.     CONCLUSION

For these reasons, it is recommended that:

1.      The case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

2.      Plaintiff is warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the Clerk is directed to place a § 1915(g) strike flag on the case for future judicial consideration. And,

3.      The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of May 2023.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE